UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ROBERT NEAL,                           )
                                       )
           Plaintiff,                  )
                                       )
     v.                                )    No. 1:11-cv-62 (AJT/TRJ)
                                       )
STRYKER CORPORATION, et al.,           )
                                       )
           Defendants.                 )
_____)

## MEMORANDUM OPINION

This matter is before the Court on Howmedica Osteonics Corp.'s ("HOC's") and Stryker Corporation's ("Stryker's") Motion to Dismiss [Doc. No. 4].[1] Upon consideration of the motion, the memoranda and exhibits in support thereof and in opposition thereto, the Court finds that plaintiff Robert Neal's claims are barred by the statute of limitations.

The facts pleaded in plaintiff's Complaint, viewed in the light most favorable to plaintiff, are as follow. Defendants manufacture a product known as the Trident Hemispherical Acetabular Shell ("Trident Shell"). Compl., ¶ 16. Trident Shell is an orthopedic implant used in hip replacement surgery. Compl., ¶ 17. On September 19, 2005, plaintiff underwent a total right hip replacement surgery. Compl., ¶ 18. As part of the surgery, a Trident Shell manufactured at a facility in Cork, Ireland, was placed in

---

[1] Plaintiff has also sued what may be various other related entities, including Stryker Orthopaedics Corporation, Stryker Howmedica Osteonics Corporation, Stryker Ireland, Ltd., and Stryker Ireland, Ltd., Orthopaedics (collectively with HOC and Stryker, the "Defendants"). In their notice of removal, HOC and Stryker claim that, of these additional entities, only Stryker Ireland, Ltd. is an actual legal entity. [Doc. No. 1, at 2-3.] While there does not appear to be any dispute that HOC and Stryker are appropriate parties and have been properly served, in light of the ambiguity regarding the legal status of these potentially related entities, the Court's Order will direct plaintiff to either complete service upon any remaining defendants within the time required by 28 U.S.C. § 1448 and Fed. R. Civ. P. 4, or to file a notice of dismissal as to any unserved defendants within that same period of time.

1

plaintiff's right hip. Compl., ¶¶ 19-20, 22. "After the [surgery], Plaintiff ... began having immediate pain at or near his right hip." Compl., ¶ 23. This pain was caused by the loosening and poor fixation of the Trident Shell and its component parts. Compl., ¶ 24. Prior to plaintiff's surgery, Defendants received numerous complaints regarding poor fixation and loosening of Trident Shells and their component parts. Compl., ¶ 25. Plaintiff contends that many Trident Shells, including the device inserted during plaintiff's surgery, did not conform to quality control, corrective, and preventative requirements imposed by 21 C.F.R. § 820.90(A), 21 CFR §§ 820.100(a)(3) and (a)(4), and that, had appropriate quality control testing and corrective and preventive testing occurred, the Trident Shell that was inserted during plaintiff's surgery would never have left Defendants' manufacturing facility or been used in plaintiff's September 2005 surgery. Compl., ¶¶ 26-29.

Plaintiff filed the instant lawsuit on February 4, 2010, in Fairfax County Circuit Court. Plaintiff has asserted claims for: (1) Breach of Implied Warranty of Merchantability; (2) Breach of Implied Warranty of Fitness for a Particular Purpose; (3) Negligent Manufacturing, Design and Warning; and (4) Breach of Express Warranty. Stryker and HOC removed this matter to this Court on January 19, 2011, and filed the present motion on January 26, 2011. HOC and Stryker argue that plaintiff's claims are barred by Virginia's two-year statute of limitations in personal injury actions, Va. Code § 8.01-243(A), and that plaintiff's claims are preempted by federal law. Because this Court finds that plaintiff's claims are barred by the statute of limitations, the Court will not address the position that plaintiff's state law claims are preempted by federal law.

## I. STATUTE OF LIMITATIONS

Plaintiff's Virginia state law claims are governed by Virginia's statute of limitations. "Unless otherwise provided ... every action for personal injuries ... shall be brought within two years after the cause of action accrues." Va. Code § 8.01-243(A). Under Virginia law, a cause of action for personal injuries accrues "...when the injury, no matter how slight, is sustained" and "[t]he date on which the statute of limitations begins to run is the date when the injury is received, notwithstanding that the plaintiff may sustain more substantial injuries at a later date." *Wade v. Danek Med., Inc.*, 5 F. Supp. 2d 379, 382 (E.D. Va. 1989); *Smith v. Danek Med., Inc.*, 47 F. Supp. 2d 698, 701 (W.D. Va. 1989). "Virginia law does not calculate statute of limitations in personal injury from the date of diagnosis." *Wade*, 5 F. Supp. 2d at 382; *Smith*, 47 F. Supp. 2d at 701 ("Virginia does not follow a 'discovery rule' in applying the statute of limitations ... [t]he date that plaintiff discovers the injury is immaterial to the running of the statute."). In cases, such as this, where the gravamen of plaintiff's claim is that the product was unreasonably dangerous and defectively designed, and the device should not have been implanted, "the accrual of the cause of action [is fixed] at the time of implantation, even though more substantial injury may have occurred at a later time..." *Smith*, 47 F. Supp. 2d at 701.

The parties have extensively debated the Virginia Supreme Court's opinion in *Locke v. Johns-Manville Corp.*, 221 Va. 951, 959 (1981), in which the Virginia Supreme Court found a cause of action begins to run "from the time plaintiff was hurt." In that case, the Court considered when plaintiff was "injured" within the context of exposure to asbestos and the resultant cancer, which "does not arise at a specific point of time, as does a broken bone." *Id.* at 958. The Virginia Supreme Court concluded that the "time plaintiff was hurt" had to be "established from available competent evidence ... that

3

pinpoints the precise date of injury with a reasonable degree of medical certainty." *Id.* at 958-59. This ruling did not, as plaintiff seems to contend, establish a "discovery rule" but rather established how it was to be determined when a plaintiff was, in fact, "injured" where the date of the injury is not apparent from the pleadings, or, indeed, the record, regardless of when the injury was detected or discovered. *Id.* at 959.

As a matter of federal procedure, "[o]rdinarily, a defense based on the statute of limitations must be raised by the defendant through an affirmative defense, *see* Fed. R. Civ. P. 8(c), and the burden of establishing the affirmative defense rests on the defendant." *Goodman v. PraxAir, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). However, "the defense may be reached by a motion to dismiss filed under Rule 12(b)(6) ... if all facts necessary to the affirmative defense clearly appear *on the face of the complaint*." *Id.* (internal punctuation omitted, emphasis original); *see also Brooks v. City of Winston Salem*, 85 F.3d 178, 181 (4th Cir. 1996) (dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate "when the face of the complaint clearly reveals the existence of a meritorious affirmative defense"); 2-12 Moore's Federal Practice – Civil § 12.34 (3d ed.) ("Dismissal under Rule 12(b)(6) may also be appropriate when a successful affirmative defense or other bar to relief appears on the face of the complaint, such as the absolute immunity of a defendant, claim preclusion, or the statute of limitations").

Here, plaintiff's Complaint states that plaintiff's first surgery occurred on September 19, 2005, and that, after the surgery, plaintiff "began having immediate pain at or near his right hip." Compl., ¶¶ 18, 23. The Complaint further claims that "[s]uch pain, discomfort, and other injuries as identified below were caused by loosening and poor fixation of the Trident Shell and its component parts." Compl., ¶ 24. Based on these allegations, it is clear that plaintiff's well pleaded Complaint reveals that plaintiff

suffered "immediate" injury from the implantation of the Trident Shell, and that this injury was caused by the allegedly faulty nature of the Trident Shell. These allegations go beyond establishing the date of implantation, and, indeed establish that plaintiff's injury occurred on September 19, 2005. *See Smith*, 47 F. Supp. 2d at 701, fn. 4 (determination that the alleged injury occurred at the time of implantation obviates the need "to pinpoint with 'with a reasonable degree of medical certainty' the date of the injury," when the date of the implantation is otherwise well established). As a result, the two-year statute of limitations expired no later than September 2007 – well over two years before plaintiff filed the instant lawsuit in Fairfax County Circuit Court in February 2010. As a result, plaintiff's claims are barred by the statute of limitations.

## II.   EQUITABLE ESTOPPEL

Plaintiff contends that HOC and Stryker should be estopped from asserting the statute of limitations ran as to plaintiff "while the manufacturer failed to disclose the fact that the product was defective" under a theory of equitable estoppel. [Doc. No. 7, at 10.] The doctrine of equitable estoppel "bars a statute of limitations defense by a defendant who, by his own conduct, lulls another into a false sense of security." *Lamers v. Organizational Strategies, Inc.*, Case No. 1:08-cv-101, 2008 U.S. Dist. LEXIS 23037, *4-5 (E.D. Va. Mar. 24, 2008). In order to establish equitable estoppel under Virginia law, a party must prove: (1) concealment or misrepresentation of a material fact; (2) that the misrepresentation was made with knowledge of the fact; (3) that the other party was ignorant of the truth; (4) that the representation was made with the intention that the other party rely on it; (5) that the other party was induced to act on it; and (6) that the party was harmed. *Whittaker v. Nationwide Mut. Fire Ins. Co.*, 115 F. Supp. 2d 612, 619 (E.D. Va. 1999). Further, a plaintiff seeking to invoke the doctrine of equitable estoppel must

5

"show that he diligently pursued his legal claims after the cessation of defendant's misrepresentations." *Lamers*, 2008 U.S. Dist. LEXIS 23037, at * 6-7 (waiting to file complaint until 32 months after notice of breach negates inference of causation between misrepresentations and failure to initiate legal action within the limitations period). In the face of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), where it is apparent that the statute of limitations expired before the filing of the plaintiff's complaint, the plaintiff has the burden of pleading facts that would support a finding that equitable estoppel applies. *See Cominelli v. Rector & Visitors of the Univ. of Va.*, 589 F. Supp. 2d 706, 718 (W.D. Va. 2008) (dismissing Complaint and rejecting equitable estoppel argument because plaintiff failed "to allege any facts in his Complaint that would support a conclusion that Defendants entered into negotiations over mediation and [a] tolling agreement with the aim of lulling him into a false sense of security concerning the statute of limitations"), *aff'd* 362 Fed. Appx. 359 (4th Cir. 2010); *see also Lamers*, 2008 U.S. Dist. LEXIS 23037, at * 7 (failure to diligently pursue legal claims apparent from face of complaint that alleged plaintiff had notice of breach 32 months before filing complaint).

Here, plaintiff alleges that, "[i]n January 2008, more than two years after Plaintiff['s] surgery, Defendants issued a product recall for Trident Shells manufactured at Defendants' Cork, Ireland facility" and that the Trident Shell inserted in Plaintiff's right hip "was part of the recall." Compl., ¶¶ 30-31. Even assuming that HOC and Stryker improperly failed to disclose the defective nature of the Trident Shell in a manner that would satisfy the demanding requirements of the equitable estoppel doctrine, plaintiff nevertheless failed to file suit until February 4, 2010 – well over two years after the January 2008 recall. Such an extended delay eliminates as a matter of law the possibility that he had timely filed this action based on the doctrine of equitable estoppel.

## CONCLUSION

For the above reasons, the Court grants Howmedica Osteonics Corp.'s and Stryker Corporation's motion to dismiss [Doc. No. 4].

An appropriate Order will issue.

                                          /s/
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
March 8, 2011